# EXHIBIT A

Michael J. Rogers, Esq. (012861979)
McDonald & Rogers, LLC
181 West High Street
Somerville, New Jersey 08876
(908) 722-4100
(908) 722-7532 – Fax
mrogers@mcdonaldrogerslaw.com
Attorneys for Plaintiffs



| | |
|---|---|
| GEORGE TEEPLE and LINDA TEEPLE, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: SOMERSET COUNTY |
| Plaintiffs, | |
| | DOCKET NO. L-540-14 |
| -vs- | |
| | CIVIL ACTION |
| OFFICER BRIAN McCARRON, OFFICER JASON BEVERETT, JOHN DOES 1-5, (FICTITIOUS NAMES), HILLSBOROUGH TOWNSHIP POLICE DEPARTMENT, | COMPLAINT, JURY DEMAND, AND DEMAND FOR ANSWERS TO FORM C INTERROGATORIES |
| DEFENDANTS. | |

Plaintiffs George Teeple, and Linda Teeple, residing at 122 Mountain View Road, in the Township of Hillsborough, County of Somerset, and State of New Jersey, by way of complaint against the defendants, say:

FIRST COUNT

1. At all times mentioned herein, the defendant Hillsborough Township Police Department was a duly authorized municipal law enforcement agency established under the laws of the State of New Jersey.

2. At all times mentioned herein defendant police officers were the employees, agents, or servants of the Hillsborough Township Police Department and were at all times acting in the course of that employment.

3. On or about May 14, 2012, Officer Brian McCarron and Officer Jason Beverett did illegally, improperly, and without probable cause to do so seize and arrest plaintiff George Teeple and illegally imprison him and detain him in police custody.

4. Prior to arresting plaintiff George Teeple, Officer Brian McCarron and Officer Jason Beverett unlawfully and physically assaulted plaintiff, thereby inflicting serious personal injuries upon him.

5. There was no probable cause for the illegal seizure or arrest of plaintiff George Teeple, or for the negligent, careless, and reckless behavior in physically assaulting him.

6. The conduct of defendants aforesaid, who were acting individually, jointly, and in conspiracy with each other, resulted in plaintiff George Teeple being falsely, maliciously, and unlawfully arrested and restrained and subject to an illegal search, thereby depriving plaintiff of his right to be free from the unreasonable and unlawful seizure of his person, to the Equal Protection of the Law, and Due Process of law in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, including but not limited 42 U.S.C. § 1983, and the Constitution and laws of the State of New Jersey including but not limited to N.J.S.A. 10:6-2.

7. All of the acts aforesaid were undertaken in a willful and malicious manner with an immoral purpose to justify the illegal actions of the defendants, and to injure the reputation, standing, and integrity of the plaintiff George Teeple, to his detriment, and defendants are therefore liable to plaintiff George Teeple for punitive damages in addition to compensatory damages.

8. Plaintiffs have complied with the Notice of Tort Claim provisions of New Jersey law, N.J.S.A. 59:1-1 et seq.

9.  As a direct and proximate result of the actions of the defendants, and particularly of their willful, intentional, false, malicious, reckless, or grossly negligent actions in seizing and arresting plaintiff George Teeple, plaintiff was greatly humiliated and disgraced, suffered great mental and physical anguish, suffered severe damage to his reputation and standing in the community, and had otherwise been damaged and injured in diverse other manners to his great detriment.

WHEREFORE, plaintiff George Teeple demands judgment against the defendants, both compensatory and punitive, together with reasonable attorney's fees, lawful interest, and costs of suit.

## SECOND COUNT

1.  Plaintiffs repeat all of the allegations in the First Count of the Complaint as though set forth fully at length.

2.  Officer Brian McCarron and Officer Jason Beverett used excessive force in implementing their unreasonable and unlawful seizure of plaintiff George Teeple in violation of the Fourteenth Amendment of the United States Constitution, the law of the United States including but not limited to the federal Civil Rights Act, 42 U.S.C. § 1983, and the Constitution and laws of the State of New Jersey including but not limited to the New Jersey Civil Rights Act, N.J.S.A. 10:6-2.

WHEREFORE, plaintiff George Teeple demands judgment against the defendants, both compensatory and punitive, together with reasonable attorney's fees, lawful interest, and costs of suit.

## THIRD COUNT

1. Plaintiffs repeat the allegations contained in the First and Second Counts of the Complaint as though set forth fully at length.

2. At all times mentioned herein the Hillsborough Township Police Department was the employer of the individual defendants who were acting as its agents, servants, and employees.

3. The Hillsborough Township Police Department failed to use reasonable care in the selection of its employees, agents, and servants, failed to properly train and supervise the individual defendants, and failed to provide appropriate safeguards to prevent the unlawful conduct described resulting in the violation of plaintiffs' civil rights.

4. The Hillsborough Township Police Department acted under color of law pursuant to its official policy or custom and practice and intentionally, knowingly, recklessly, or with deliberate indifference failed to properly and adequately control and discipline on a continuing basis the individual defendants in the performance of their duties and otherwise failed to restrain the individuals from the unlawful conduct described resulting in the violation of plaintiffs' civil rights.

5. The Hillsborough Township Police Department had knowledge of or had it diligently exercised its duties to instruct, supervise, control, and discipline the individual defendants on a continuing basis should have had knowledge of the wrongs that were committed as alleged and intentionally, knowingly, or with deliberate indifference to the rights of plaintiffs failed or refused to prevent their commission.

6. The Hillsborough Township Police Department directly or indirectly and under color of law thereby approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the individual defendants.

WHEREFORE, plaintiff George Teeple demands judgment against the defendants, both compensatory and punitive, together with reasonable attorney's fees, lawful interest, and costs of suit.

## FOURTH COUNT

1. Plaintiffs repeat the allegations contained in the First, Second, and Third Counts of the Complaint as though set forth fully at length.

2. At all time material hereto, plaintiff Linda Teeple was and is the wife of plaintiff George Teeple.

3. As a direct and proximate result of the defendants' negligence, reckless and intentional conduct, plaintiff Linda Teeple's husband sustained severe bodily injuries causing him to incur great expenses for hospital and medical treatment for her husband and has been prevented from and has been deprived of her husband's society, services, and consortium

WHEREFORE, plaintiff Linda Teeple demands judgment against the defendants for compensatory damages, together with reasonable attorney's fees, lawful interest, and costs of suit.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Michael J. Rogers, Esq., is hereby designated as trial counsel in this matter.

## DEMAND FOR CERTIFIED ANSWERS TO FORM C INTERROGATORIES AND OTHER RELATED DOCUMENTS PURSUANT TO RULE 4:17-1

Pursuant to R. 4:17-1, plaintiffs hereby demand that defendants upon whom this pleading is served furnish fully responsive and certified answers to Form C Interrogatories together with the attachments required therein within the time prescribed by the Rules of Court.

## CERTIFICATION

The matter in controversy is not the subject of any other action pending in any court or any arbitration proceeding, nor are any such actions contemplated with the following exceptions: State v. George Teeple, et al., Somerset County Indictment No. 12-07-00561-I, various motor vehicle summonses arising from the same incident pending in the Hillsborough Township Municipal Court awaiting disposition of the indictable charges, including DWI;

There are no other known parties who should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Michael J. Rogers, Esq.
Attorney for Plaintiffs

Dated: April 25, 2014

<u>Appendix XII-B1</u>



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Michael J. Rogers, Esq. | (908) 722-4100 | Somerset |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| McDonald & Rogers, LLC | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 181 West High Street<br>Somerville, New Jersey 08876 | Complaint |
| | JURY DEMAND  ☒ YES  ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| George Teeple and Linda Teeple, Plaintiffs | George Teeple and Linda Teeple v. Officer Brian McCarron, Officer Jason Beverett, John Does 1-5, (fictitious names), Hillsborough Township Police Department |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|---|
| 005 | ☐ YES  ☒ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☒ YES  ☐ No | Indictment No. 12-07-00561-I |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
|---|---|
| ☐ YES  ☒ No | ☐ NONE<br>☒ UNKNOWN |

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: |
|---|---|
| ☐ YES  ☒ No | ☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)<br>☐ FAMILIAL  ☐ BUSINESS |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☒ YES ☐ No |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| ☐ YES  ☒ No | |

| WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
|---|---|
| ☐ YES  ☒ No | |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 08-19-2013, CN 10517-English

page 1 of 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 284 NUVARING
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 288 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 601 ASBESTOS
- 623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category   ☐ Putative Class Action   ☐ Title 59